# CHARLESTON.

CHARLES SHEARER v. THE GAULEY MOUNTAIN COAL COMPANY.

Submitted October 10, 1922.   Decided October 17, 1922.

> APPEAL AND ERROR—*Justified Verdict on Uncontradicted Competent Evidence Not Set Aside for Admission of Improper Evidence or for Erroneous Instructions.*
>
> Where, upon the trial of a case, the competent and proper evidence offered by the plaintiff is uncontradicted, and the verdict rendered by the jury is the only one that the evidence justifies, the same will not be set aside because the court admitted immaterial and improper evidence and gave to the jury improper instructions.

Error to Circuit Court, Fayette County.

Suit by Charles Shearer against the Gauley Mountain Coal Company.   From a judgment for plaintiff, defendant brings error.

*Affirmed.*

*Hubbard & Bacon,* for plaintiff in error.
*W. R. Bennett,* for defendant in error.

RITZ, JUDGE:

This suit was originally brought before a justice of the peace to recover a balance of wages claimed by the plaintiff to be due him from the defendant.   From an adverse judgment, rendered by the justice, the defendant appealed to the circuit court, where a trial resulted in a verdict and judgment in favor of the plaintiff for the sum of $107.55, to review which this writ of error is prosecuted.

It appears that the plaintiff had been employed by the defendant as stable boss for a number of years at a monthly

salary. Prior to the month of November, 1917, the United States Government had fixed the price of coal. Those employed in the production of coal demanded increased wages and to permit such an increase the Fuel Administration authorized an advance in the price. This wage increase took effect on the first day of November, 1917. For the men employed by the day or month the increase contemplated amounted to $1.40 per day. According to plaintiff's testimony, he claimed the benefit of the increase and the general manager of the defendant conceded that he was entitled to an advance in wages. He was then receiving $96.70 per month. The defendant's general manager proposed to him to increase his compensation 25%. The plaintiff says he declined to accept this, and the general manager advised him to continue at work and the matter of wages would be adjusted. He says he conferred with the general manager a number of times and was finally advised that his wages would be increased $1.40 per day. In the meantime, upon the promise of the general manager to adjust the matter satisfactorily, he accepted the 25% increase, or rather he accepted wages based upon an advance of 25% over his former wages, with the understanding that the difference would be settled when a basis was finally agreed upon. The general manager finally agreed that he should have an increase of $1.40 per day, but contended that the increase should only apply to twenty-five days in each month, or a total increase of $35.00 per month. The plaintiff says he declined to accede to this proposal, but claimed that, inasmuch as his duties required him to work every day in the month, including Sundays, he should have the increase for every day. The defendant's general manager then proposed that they leave that question to be determined by a man by the name of Allison O. Smith, and if Smith decided that the increase should be paid for every day in the month, the defendant would pay upon that basis, but if, on the other hand, Smith decided that the plaintiff was entitled to the increase for only twenty-five days in each month, he would accept settlement upon that basis. The plaintiff agreed to this proposal. Before Smith made known his

decision to the parties, the plaintiff was discharged and settlement made with him upon the basis of the defendant's contention, with the understanding with the defendant's general manager that additional amount would be paid him if Smith decided that he was entitled to it. Susequently Smith decided that he should receive the increase for every day in the month inasmuch as his duties required him to work every day. Upon the defendant's refusal to pay the additional amount, this suit was brought with the result above indicated.

The above are the pertinent facts detailed by the plaintiff. There was considerable improper and incompetent evidence introduced by him, among other items thereof being unauthenticated reports and communications from the United States Fuel Administration. These reports proved nothing material in the case, and being entirely unauthenticated, of course, should not have been admitted even if otherwise proper. Their admission forms the basis of one of the assignments of error. In the view we have of the case their admission was entirely harmless. The defendant did not undertake to contravert the evidence offered by the plaintiff. It did not introduce its general manager as a witness, and, of course, the testimony of the plaintiff as to the negotiations and transactions with him must be taken as true. The defendant did introduce its superintendent who testified that the plaintiff received his wages twice a month on the basis of a twenty-five per cent increase over his former wages, and that when he left the defendant's service he was paid an additional amount which exactly made the increase paid him $1.40 per day on the basis of twenty-five days a month. Instead of controverting the plaintiff's statements, this evidence was in entire harmony with them. The case is somewhat confused because of the immaterial and impertinent matter introduced, but upon a view of the competent evidence, the plaintiff was clearly entitled to recover, and the jury properly could not have rendered any other verdict. The action of the court in giving certain instructions on motion of the plaintiff and refusing to give certain others offered by the defendant is assigned as error. The instructions given on

behalf of the plaintiff contain elements not involved in the case.· This could not have prejudiced the defendant as it made no real defense to the suit. There was no evidence upon which to base the instructions offered by the defendant which the court refused. ·The plaintiff, upon the showing made by the record, was ·clearly entitled to the judgment rendered in his favor. The fact that improper evidence was admitted and inapplicable instructions given will not justify setting aside the only proper verdict that could be rendered, and the judgment complained of will be affirmed.

·      *Affirmed.*